WARREN COUNTY COMMON PLEAS COURT.

HARLAN FISH, PLAINTIFF, v. KARL STOLL, DEFENDANT.

Decided May 28, 1926.

**Negligence—Injuries Sustained Through the Handling of a Loaded Revolver—New Trial Asked on Ground of Newly-Discovered Evidence—A New Trial Will Not be Granted When the Existence of the Alleged New Evidence Could Have Been Ascertained by Exercise of Reasonable Diligence Before Trial—The Alleged Evidence, Also, Only Tends to Discredit Plaintiff's Witnesses and is Not of a Convincing Character—Verdict Not Against Weight of Evidence—Rule Discharged.**

On action at law. On defendant's rule to show cause.

For the rule, *John H. Dahlke* and *Harry Adams* (of the New York bar).

*Contra, Egbert Rosecrans.*

The opinion of the court was delivered by

RUNYON. J. This was an action brought to recover for injuries sustained through the negligence of defendant in handling a loaded firearm. The answer was a general denial. The trial resulted in a verdict by a jury in favor of the plaintiff. Upon allowance of this rule leave was granted to take testimony of newly-discovered evidence.

The principal contention is that a new trial should be granted because of the so-called newly-discovered evidence. A new trial will not be granted upon evidence alleged to be newly discovered, the existence of which could have been ascertained by exercise of reasonable diligence before trial. *Christie* v. *Petrullo*, 3 *N. J. Adv. R.* 1012, 1015; *Hoban* v. *Sandford & Stillman Co.*, 64 *N. J. L.* 426, 437.

There has been no attempt to show in the present case that this evidence was not available at the time of trial, or that it

could not have been readily discovered before trial by the use. of due diligence. On the contrary, a reading of it justifies the conclusion that the opposite is the fact.

This evidence now presented is open to another criticism in that it only tends to discredit plaintiff's witnesses, and a new trial will not be granted for such. *Den* v. *Geiger,* 9 *N. J. L.* 225, 239; *In re Roberson,* 95 *N. J. Eq.* 672, 675.

Furthermore, it is not of such a convincing character that its admission upon another trial would probably change the result.

It is also contended that the verdict is against the weight of evidence. But the argument falls far short of being convincing that the verdict was the result of mistake, passion or prejudice. *Queen* v. *Jennings,* 93 *N. J. L.* 353, 358.

Lastly, it is argued that the evidence is insufficient to justify the verdict. That the witnesses for the defense outnumbered those of the plaintiff does not in itself establish the weight or insufficiency of the evidence. *State* v. *Karpowitz,* 98 *N. J. L.* 546, 549.

The remaining reasons assigned not having been argued, they are considered abandoned.

The rule to show cause will be discharged.